# STATE OF LOUISIANA
## COURT OF APPEAL, THIRD CIRCUIT

## 17-21


**STATE OF LOUISIANA**

**VERSUS**

**CORLIOUS C. DYSON**

**AKA CORLIOUS CORALL DYSON**


**\*\*\*\*\*\*\*\*\*\***

APPEAL FROM THE
FIFTEENTH JUDICIAL DISTRICT COURT
PARISH OF LAFAYETTE, NO. CR 140554
HONORABLE EDWARD D. RUBIN, DISTRICT JUDGE,
ON REMAND FROM THE UNITED STATES SUPREME COURT

**\*\*\*\*\*\*\*\*\*\***

## SHANNON J. GREMILLION
## JUDGE

**\*\*\*\*\*\*\*\*\*\***

Court composed of Shannon J. Gremillion, John E. Conery, and Candyce G. Perret, Judges.


**CONVICTION VACATED.  REMANDED.**

**Hon. Keith A. Stutes**
**Fifteenth Judicial District Attorney**
**Cynthia K. Simon**
**Assistant District Attorney**
**P. O. Box 3306**
**Lafayette, LA 70502-3306**
**(337) 232-5170**
**COUNSEL FOR APPELLEE:**
**State of Louisiana**

**Chad M. Ikerd**
**Louisiana Appellate Project**
**P.O.Box 2125**
**Lafayette, LA 70502**
**(225) 806-2930**
**COUNSEL FOR DEFENDANT/APPELLANT:**
**Corlious C. Dyson**

**GREMILLION, Judge.**

Defendant, Corlious C. Dyson, was indicted for the August 26, 2012 second degree murder of Clement Amos. Mr. Dyson's jury trial commenced on November 17, 2015, and on November 20, 2015, the jury returned a non-unanimous verdict of guilty of second degree murder. The trial court sentenced Defendant to life imprisonment without the benefit of parole, probation, or suspension of sentence. Following the pronouncement of the sentence, Defendant filed a "Motion for Reconsideration of Sentence." The trial court denied the motion in open court.

Defendant perfected an appeal and asserted that the evidence was insufficient to support his conviction. We affirmed Defendant's conviction and sentence. *State v. Dyson*, 17-21 (La.App. 3 Cir. 5/17/17), 220 So.3d 785. Defendant sought a writ of certiorari or review from the Louisiana Supreme Court, which denied his application. *State v. Dyson*, 17-1048 (La. 1/14/18), 261 So.3d 784.

Defendant then turned to the United States Supreme Court, which granted certiorari and remanded the matter to this court on the basis of *Ramos v. Louisiana*, 590 U.S. ___, 140 S.Ct. 1390 (2019), which invalidated non-unanimous jury convictions in serious cases. *Dyson v. Louisiana*, ___U.S. ___, 140 S.Ct. 2710 (2020). In light of *Ramos*, we vacate Defendant's conviction and remand to the trial court for a new trial.

**CONVICTION VACATED. REMANDED.**